UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 2:11-cr-0110-RLH-LRL |
| DE RONG SHANG, *et al.*, | ) ) | **ORDER** |
| Defendants. | ) ) ) | |

Before the court is defendant De Rong Shang's Motion to Strike Surplusage. (#32). The government filed an Opposition (#37), and the defendant filed a Reply (#40).

Defendant Shang is awaiting trial on charges of mail fraud (18 U.S.C. § 1341), conspiracy to commit mail fraud (18 U.S.C. § 1349), and aiding and abetting (18 U.S.C. §2). He is asking the court to strike "certain prejudicial and/or inflammatory allegations from the indictment as surplusage." (#32-1). Specifically, the defendant asserts that the court should strike (1) the definitions of "casino marker" and "baccarat," (2) the term "and elsewhere," (3) the term "surreptitiously," and (4) any reference to banks other than Bank of America.

Pursuant to Rule 7, an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged..." Fed. R. Crim. P. 7. Rule 7(d) provides that "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." "The purpose of a motion to strike under Fed. R. Crim. P. 7(d) is to protect a defendant against 'prejudicial or inflammatory allegations that are neither relevant nor material to the charges.'" *United States v. Terrigno*, 838 F.2d 371 (9th Cir. 1988) (quoting *United States v. Ramirez*, 710 F.2d 535, 544-45 (9th Cir. 1983)). However, while facts in the indictment "may be somewhat prejudicial," they should not be stricken if they are "relevant and material to the charge[d]" offenses. *Terrigno,* at 373.

Here, defendant contends that the sections in question are not only irrelevant to the charges of conspiracy and/or mail fraud, but are misleading and prejudicial. Further, he asserts that they are not necessary to prove any element of the alleged violations. *United States v. Presgraves*, 658 F. Supp.2d 770, 783-84 (W.D. Va. 2009). The court disagrees.

**Definitions of "Casino Marker" and "Baccarat"**

In the introduction section of the indictment, the government defines the term "casino marker" and describes how to play the game of "baccarat." (#1). The defendant contends that these paragraphs are "unnecessary, prejudicial, misleading, confusing, and possibly inaccurate." (#32). The court recognizes that these definitions do not articulate an element of the crimes charged. They are provided simply as background material on the setting in which the alleged scheme was carried out. These paragraphs are in no way "prejudicial or inflammatory." *Terrigno*, 838 F.2d 371. If the defendant deems it necessary during trial, he can present an alternate definition of "casino marker" or explanation of the game of "baccarat" to the jury.

**The Term "Elsewhere"**

The indictment alleges that both the conspiracy and mail fraud occurred "...in the State and Federal District of Nevada and elsewhere." (#1). The defendant argues that the use of the words "and elsewhere" is prejudicial, because it suggests that the scheme was much larger than the government alleges in other sections of the indictment. *United States v. Freeman*, 619 F.2d 1112 (C.A. Tex. 1980) (trial court should have stricken the words "including, but not limited to," in the overt acts section as surplusage.). Thus, according to the defendant, the term "elsewhere" is misleading and confusing for the jurors.

The court finds that any prejudice allegedly created by the word "elsewhere" is de minimis. Just as with every other allegation in the indictment, the government has the burden of proof. If the government fails to prove at trial that the crimes occurred "elsewhere," the defendant can, if he chooses, point that out to the jury.

. . .

**The Term "Surreptitiously"**

In the "manner and means" section of the indictment, it is stated that the recruits "pretend to be losing by either pocketing chips or *surreptitiously* passing them to a co-conspirator..." (#1). The defendant asserts that the "adjective" goes beyond what is required by Rule 7, and is descriptive, irrelevant, and immaterial. Fed. R. Crim. P. 7. The court finds that insofar as it describes how the recruits allegedly carried out the conspiracy at the direction of defendant Shang, the word is relevant to the crime charged, and is neither prejudicial nor inflammatory. *Terrigno*, 838 F.2d 371.

**Reference To Other Financial Institutions**

The indictment refers to Wells Fargo Bank, Bank of America, East West Bank, and Asia Bank in the "overt acts" section and in counts two through eighteen. (#1). The defendant moves to strike any reference in the indictment to any bank other than Bank of America as surplusage. He asserts that in the introduction and in the "manner and means" sections of the indictment, it is alleged only that he and his recruits opened and established bank accounts at Bank of America. *Id.* Thus, he argues, the references to other banks for the first time in the "overt acts" section violates his "Sixth Amendment right to be informed of the nature and cause of the accusations levied against him." *United States v. Pirro,* 212 F.3d 86 (2nd Cir. 2000) (stating that Rule 7 implements the Sixth Amendment's notice protection.). (#32). Further, defendant asserts that the references should be stricken because the grand jury "did not hear any facts, much less evidence, about [the other financial institutions] at all." *Id.*

With regard to the conspiracy count, the court recognizes that the "manner and means" section could, and perhaps should, have included the phrase "and other banks" immediately after the reference to Bank of America. Its failure to do so, however, is not fatal to the conspiracy count. Because the alleged activities at the Wells Fargo Bank, East West Bank, and Asia Bank are expressly listed in the overt acts section, the court reasonably reads the conspiracy count as encompassing these activities. Hence, the defendant is on specific notice of the acts he is accused of committing. Additionally, the defendant offers no basis to believe that the grand jury did not hear evidence concerning the other banks. Grand jury proceedings are presumed to be regular. *Costello v. United States*, 350 U.S. 359, 363 (1956).

Moreover, it is for a jury to decide whether the defendant committed at least one of the "overt acts." *Terrigno*, at 373; *De Lacey v. United States,* 249 F. 625 (9th Cir. 1918) ("An indictment for conspiracy is sufficient, if some of the overt acts are sufficiently pleaded; and, where several overt acts are charged, it is not necessary to prove them all."). Furthermore, naming the banks in the overt act section is clearly relevant to the charge of conspiracy, because it "clarifies the identity of" the banks that returned the checks through the mail. *Terrigno*, at 373. Therefore, the inclusion of the other banks in the "over acts" section is no more "prejudicial or inflammatory" than any other relevant factual allegation in the indictment.

Finally, the defendant contends that references to the other banks in the substantive mail fraud counts -- two through eighteen -- should be stricken as "surplusage." They are not prejudicial or inflammatory, and as substantive counts, are not subject to being stricken as "surplusage" within the meaning of Rule 7(d).

Accordingly, and for good cause shown,

IT IS ORDERED that defendant De Rong Shang's Motion to Strike Surplusage (#32) is DENIED.

DATED this 6th day of September, 2011.

**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**