**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:11-cr-00110-RLH -VCF-1 |
| v. ) | |
| ) | MOTIONS TO DISMISS ORIGINAL |
| DE RONG SHANG, ) | INDICTMENT (#81 and #92) |
| ) | |
| Defendant. ) | |
| ) | |

## REPORT & RECOMMENDATION

The defendant, De Rong Shang, is under indictment on charges of conspiracy to commit wire fraud (18 U.S.C. § 1349), wire fraud (18 U.S.C. § 1343), and aiding and abetting (18 U.S.C. §2). The matter before the court is defendant Shang's Motion to Dismiss Original Indictment (#81 and #81-1). Shang asks this court to dismiss the original indictment (#1) against him *with prejudice*, because, after the court issued a report and recommendation (#51) to dismiss the original indictment for failure to state the offense of mail fraud, the government filed a superseding indictment (#57) alleging wire fraud. The government did not file an Opposition, but instead filed a Motion To Dismiss Original Indictment *without prejudice* (#92). Defendant Shang filed an Opposition (#98) to the government's motion, and the government did not file a Reply.

**BACKGROUND**

On March 22, 2011, the government filed an indictment against defendants Shang and Eaton for mail fraud (18 U.S.C. § 1341), conspiracy to commit mail fraud (18 U.S.C. § 1349), and aiding and abetting (18 U.S.C. §2). (#1). On April 29, 2011, Mr. Shang appeared before the court at his initial appearance and arraignment and plea, and entered a plea of not guilty. Subsequently, on May 5, 2011,

1  Ms. Eaton made her initial appearance and entered a plea of not guilty. Upon stipulation by the parties
2  (#28), the court continued the trial date until October 17, 2011. (#29).

3  On July 15, 2011, defendant Shang filed a motion to dismiss the indictment, because "[b]y virtue
4  of the [i]ndictment's own allegations,...the [g]overnment cannot state an offense under Mail Fraud
5  statute, 18 U.S.C. § 3141." (#30). On the same day, the defendants filed a joint motion to sever
6  defendants' trial. (#31). After oral argument on the motion to dismiss (#30), on September 26, 2011,
7  the court filed a report and recommendation (#51), recommending that the indictment be dismissed
8  because the indictment did not demonstrate that the mailing of the letters to the bank were in
9  furtherance of the scheme to defraud, and because the mailings occurred *after* the defendants completed
10 the scheme. The government filed an objection (#52) on September 26, 2011, and defendant Shang
11 filed a response to the objection on October 3, 2011. (#53).

12 On October 7, 2011, the court issued an order granting the motion to sever the trials of
13 defendants Eaton and Shang. (#56). Trial was set for October 17, 2011, at 8:30 a.m. On October 11,
14 2011, the government filed superseding indictments as to Shang and Eaton, alleging claims for
15 conspiracy to commit wire fraud (18 U.S.C. § 1349), wire fraud (18 U.S.C. § 1343), and aiding and
16 abetting (18 U.S.C. §2). On October 12, 2011, at calendar call, Judge Hunt held that in light of the
17 superseding indictment (#57), the motion to dismiss the original indictment (#30) was moot. The trial
18 for Shang was set for October 31, 2011, but was subsequently continued to February 6, 2012. (#69).

**DISCUSSION**

**A.     Arguments**

21 In defendant Shang's motion to dismiss original indictment (#81-1), he asks this court to dismiss
22 the original indictment *with prejudice*, because the superseding indictment does not void the original
23 indictment. *United States v. Rojas-Contreras*, 474 U.S. 231, 237 (1985)(holding that the grand jury's
24 return of a superseding indictment does not void an original indictment.). As the "government may
25 have two indictments outstanding against an accused at the same time" and the original indictment is
26 still a viable pleading, defendant Shang is concerned with the government's ability under Federal Rule

of Criminal Procedure 13 to join the two indictments together and prosecute him accordingly. *Untied States v. Holm,* 550 F.2d 568, 569 (9th Cir 1985); *See also* Fed. R. Crim. P. 13 (permitting the court to "order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information."). Shang asserts that he would be severely prejudiced if the government were to "elect to consolidate the original and superseding indictments down the road." (#81-1).

When a superseding indictment is filed, the government normally brings a motion to dismiss the original indictment. See *United States v. Del Vecchio,* 707 F.2d 1214, 1216 (11th Cir. 1983); See also 28 Moore's Fed. Practice Criminal Proc. § 607.06[1] ("Upon obtaining a superseding indictment or filing a superseding information, the government customarily moves to dismiss the original pleading."). Here, the government moved to dismiss the indictment (#92) *after* the defendant filed his motion to dismiss the original indictment (#81). The government asks this court to dismiss the indictment *without prejudice,* and asserts that it "plans to proceed only on the [s]uperseding [i]ndictment." (#92).

In opposition (#98) to the government's motion to dismiss the superseding indictment *without prejudice,* defendant Shang asks this court to use its discretion and dismiss the indictment *with prejudice.* Defendant Shang argues that to permit the government to recharge defendant with the crimes alleged in the original indictment would subject him to "prosecutorial harassment by subjecting [the] defendant to charging, dismissing, and recharging." *United States v. Weber,* 721 F.2d 266, 268 (9th Cir. 1983).

**B.    Relevant Law**

Pursuant to Fed. R. Crim. P. 48(a), "[t]he government may, with leave of court, dismiss an indictment, information, or complaint. The government may not dismiss the prosecution during trial without the defendant's consent." The court, therefore, has the authority to determine whether to grant or deny a motion to dismiss the indictment, and the government cannot unilaterally dismiss the indictment. *Rinaldi v. United States,* 434 U.S. 22, 30 n.15 (1977)("the words 'leave of

3

court'...obviously vest some discretion in the court."). The primary purpose of the requirement that the government seeks leave of the court, is to protect the defendant from harassment, and the secondary purpose, is to protect the public interest. *United States v. Ammidown,* 497 F.2d 615, 620 (D.C. Cir. 1973).

In deciding to dismiss the indictment with or without prejudice, the court looks at whether the government's motion was made in "good faith." *United States v. Salinas,* 693 F.2d 248, 251 (5th Cir. 1982). The court "must know the prosecutor's reason for seeking to dismiss the indictment and the facts underlying the prosecutor's decision." *United States v. Derr,* 726 F.2d 627 (10th Cir. 1984). If the original indictment was brought improperly, the indictment may be subject to dismissal *with prejudice. United States v. Fields,* 475 F.Supp. 903, 907-08 (D.D.C. 1979).

**C.    Discussion**

As both parties agree that the original indictment should be dismissed (#81 and #92), the only issue before the court is whether to dismiss with or without prejudice.

The original indictment alleged crimes relating to mail fraud. (#1). The court recommended that the original indictment be dismissed, and held that the indictment did not state an offense under 18 U.S.C. § 1341. (#51)(holding that "[b]ecause the mailings were not "an essential part of" or "for the purpose of executing the scheme" as required by the federal mail fraud statute, dismissal is proper."). The superseding indictment (#57), filed only one day before calendar call, does not carry over any of the charges from the original indictment (#1), and alleges wire fraud, conspiracy to commit wire fraud, and aiding and abetting. The government did not move to dismiss the original indictment (#1), and it remains a viable pleading. *Rojas-Contreras*, 474 U.S. at 237. Therefore, the government theoretically has the opportunity to consolidate the original indictment with the superseding indictment. *Id.* The court finds that in order to protect the defendant from the possibility of harassment of this nature, dismissing the original indictment *with prejudice* is warranted. *Ammidown,* 497 F.2d at 620.

In examining the government's intention when seeking to dismiss the indictment *without prejudice*, the government only provided the court with one sentence in support of its request: "The

1  Motion to Dismiss is requested because the Government superseded the original Indictment and plans
2  to proceed only on the Superseding Indictment currently captioned as 2:11-cr-00110-RLH-VCF."
3  (#92). As the government did not file a reply in support of their motion, the court has not been
4  presented with any arguments to rebut the defendant's assertion that the government's motion was
5  brought in bad faith and only in response to defendant Shang's motion to dismiss *with prejudice* (#81).
6  From the one sentence the government provided, the court can conclude that the government is
7  proceeding *only* on the superseding indictment. (#92). Therefore, there is no reason not to dismiss the
8  original indictment *with prejudice,* because the government has stated its intention not to proceed on
9  the original indictment (#1).

10  With regard to the original indictment(#1), the court already indicated that the original
11  indictment was subject to dismissal because it did not state an offense under 18 U.S.C. § 1341. (#51).
12  Further, it is clear that the government recognized the insufficiency of its original allegations, as the
13  superseding indictment (#57) does not contain any of the same charges as the original indictment (#1).
14  If the government were to decide to prosecute under the original indictment, it would be futile, as the
15  indictment would be subject to dismissal on the same grounds. Thus, the insufficient original
16  indictment (#1) should be dismissed *with prejudice,* as to preclude the government from the possibility
17  of subjecting the defendant to harassment and prejudice. See *Fields,* 475 F.Supp. at 907-08; See also
18  *Ammidown,* 497 F.2d at 620.

### RECOMMENDATION

20  Based on the foregoing, it is the recommendation of the undersigned United States Magistrate
21  Judge that defendant Shang's Motion to Dismiss Original Indictment *with prejudice* (#81) should be
22  GRANTED, and that the government's Motion To Dismiss Original Indictment *without prejudice* (#92)
23  should be DENIED.

24  DATED this 24th day of January, 2012.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**